# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLA FOUNTAIN** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION " "** |
| | * | |
| **MAXUM INDEMNITY COMPANY** | * | **MAGISTRATE NO.** |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## NOTICE OF REMOVAL AND JURY TRIAL DEMAND

**NOW INTO COURT**, comes defendant, MAXUM INDEMNITY COMPANY ("MAXUM"), which hereby files this Notice of Removal, containing a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1332(a), 28 U.S.C. § 1441, and 28 U.S.C. § 1446, thereby giving notice of removal from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.[1]  By filing this Notice of Removal, MAXUM preserves, and does not waive, its right to raise any and all rights, defenses, exceptions, objections, and demands in both state and federal court.

1.      As more fully explained below, this case is properly removed to this Honorable Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

---

[1] Ex. 1, *in globo*, State Court Record.

## **BACKGROUND**

2.       On January 16, 2023, Plaintiff, Ella Fountain ("Plaintiff"), filed a Petition for Damages ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana.[2]

3.       The Petition alleges Plaintiff purchased a policy of insurance from MAXUM, bearing policy number BDG-3047161-01 (the "Policy"), providing commercial property insurance to 7600 Maple Street, LLC & TMS Realty, LLC DBA: TJ Quills for the Property located at 7600 N. Maple Street, New Orleans, Louisiana 70118 (the "Property").[3]

4.       The Petition alleged that Hurricane Ida damaged the Property.[4]

5.       The Petition alleged that MAXUM failed to adequately adjust the claim.[5]

6.       The Petition further alleged MAXUM is liable to Plaintiff for all benefits due and owing under the Policy, and for all damages, including compensatory and consequential.[6]

7.       Lastly, the Petition alleged that MAXUM was liable for statutory bad faith penalties under La. R.S. § 22:1892 and § 22:1973. [7]

8.       MAXUM does not admit the underlying facts as alleged by Plaintiff or as summarized above, except as relevant to its citizenship as stated more fully below.  MAXUM expressly denies that it has any liability to Plaintiff.

---

[2] Ex. 1, Pet.
[3] Ex. 1, Pet., ¶¶ 4 and 6.
[4] Ex. 1, Pet., ¶ 5.
[5] Ex. 1, Pet., ¶ 9.
[6] Ex. 1, Pet.  ¶ 21
[7] Ex. 1, Pet. ¶ 19 and 21.

## TIMELINESS OF REMOVAL

9.      MAXUM was served with a copy of the Petition through the Louisiana Secretary of State's Office on May 17, 2023.[8]

10.      MAXUM received a copy of the Citation and Petition from CT Corporation on May 19, 2023.[9]

11.      This Removal is timely under 28 U.S.C. § 1446(b)(2)(B) and (c)(1).

## BASIS OF REMOVAL—DIVERSITY JURISDICTION

12.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), and this matter is therefore removable to this Court under 28 U.S.C. § 1441(a), because there is complete diversity of citizenship among the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

13.      Plaintiff is a person of the full age of majority and resident of and domiciled in the State of Louisiana within the Parish of Orleans.[10]  Therefore, Plaintiff is considered to be a citizen of Louisiana for diversity purposes.  28 U.S.C.A. (C)(1).

14.      Defendant, MAXUM, is a foreign corporation that is incorporated in the State of Connecticut and has its principal place of business in the State of Connecticut.  Therefore, MAXUM is considered a citizen of Connecticut for purposes of the Court's diversity jurisdiction. 28 U.S.C. § 1332(c)(1); *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987) ("Under 28 U.S.C. § 1332(a), a corporation is deemed to be a citizen of both the state of its

---

[8] Ex. 1, Citation.
[9] *Id.*
[10] Ex. 1, Introductory Paragraph.

incorporation and the state of its principal place of business."); *Nonette v. J. C. Penney Co.*, 2005 WL 8174029, at *2 (W.D. La. Oct. 20, 2005).

15.     There is complete diversity of citizenship between Plaintiff (citizen of Louisiana) and Defendant (citizen of Connecticut), as required by 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY IN EXCESS OF $75,000.00

16.     The notice of removal may assert the amount in controversy where, as here, a case is removed from a state that does not permit a plaintiff to demand a specific sum of money.[11]  In such a case, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount."[12]

17.     In this case, the Petition expressly asserts that Plaintiff has sustained losses. (Petition, ¶ 5).  The Plaintiff also submitted a settlement demand of more than $75,000.  Therefore, pursuant to the allegations asserted in the Petition and settlement demand, Plaintiff has alleged that the amount in controversy exceeds the $75,000.00 jurisdictional threshold.  The Plaintiff also alleges that Maxum is in breach of contract and is due additional penalties and attorney's fees.[13] These claimed penalties and attorneys' fees further establish the amount in controversy requirement has been met.[14]

18.     In addition to seeking contractual damages and statutory bad faith penalties and attorneys' fees, Plaintiff alleged that MAXUM is liable for various general damages, including

---

[11] 28 U.S.C. § 1446(c)(2)(A)(ii).
[12] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[13] Ex. 1, Pet. ¶ 14 and 19.
[14] *See e.g., St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that attorneys' fees and penalties are included in determining amount when party could be liable for same under state law).

mental anguish.[15]  These additional allegations further demonstrate that the amount in controversy requirement has been met.

19.    Moreover, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaint" stating that the damages are not more than the minimum jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1995).  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id*. at 1412 n.10.  No binding stipulation or affidavit was filed with the Petition.  Nor does the Petition include an allegation that the damages sought are less than the jurisdictional minimum of this Court, which, if that representation were true, would be required by La. C.C.P. art. 893.

20.    Thus, the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.

## COPY OF ALL PROCESS, PLEADINGS, AND ORDERS

21.    A certified copy of the suit record from the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Suit No. 2023-00432, Div. "L", Section 06 is attached as Exhibit B, *in globo*, which exhibit includes a copy of all process, pleadings, and orders served upon defendant as required by 28 U.S.C. § 1446(a).

## NOTICE TO ADVERSE PARTIES AND COURT

22.    MAXUM will be providing written notice of the removal of this action to counsel for Plaintiff, and to the Clerk of Court for the Civil District Court for the Parish of Orleans as required by 28 U.S.C. § 1446(d).

## JURY DEMAND

23.    MAXUM hereby demands a trial by jury.

---

[15] Ex. 1, Pet. at ¶ 21.

Respectfully Submitted:

/s/ Thomas Louis Colletta, Jr.
Seth A. Schmeeckle, La. Bar No. 27076 (T.A.)
Thomas Louis Colletta, Jr., La. Bar No. 26841 (T.A.)
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
          lcolletta@lawla.com
**Attorneys for Defendant,**
**MAXUM INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record, by depositing same in the United States mail, properly addressed, first class postage prepaid and/or by electronic mail, this 16th day of June, 2023.

/s/ Thomas Louis Colletta, Jr.
**THOMAS LOUIS COLLETTA, JR.**